**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

**IN RE:**

**LUZ CELESIA ORTIZ ORTIZ**

**Debtor(s)**

**LUZ CELESIA ORTIZ ORTIZ**

**Plaintiff**

**MARIA ISABEL RAMOS PEREZ, et al.**

**Defendant(s)**

**CASE NO. 07-07165 BKT**

**CHAPTER 13**

**ADVERSARY NO. 09-00115 BKT**

**FILED & ENTERED ON 11/10/2011**

## OPINION AND ORDER

This proceeding is before the Court upon Plaintiff's unopposed motion for summary judgment for willful violation of the automatic stay pursuant to 11 U.S.C. § 362. (Dkt. No. 55). For the reasons set forth below, Plaintiff's motion for summary judgment is GRANTED in part.

### I. JURISDICTION

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

### I. FACTUAL BACKGROUND

On December 5, 2007, Luz Celesia Ortiz Ortiz ("Debtor" or "Plaintiff"), filed a voluntary Chapter 13 bankruptcy petition. (Dkt. No. 1, Case No. 07-07165). The commencement of this bankruptcy case triggered the stay of an order for the execution of a judgment issued against Plaintiff, and other defendants by the Court of First Instance of Puerto Rico, Humacao Part, Case No. HDP2000-0138 (the "Judgment"). The judgment was entered on June 27, 2003, in favor of María

Isabel Ramos Pérez and José Agosto Rosario ("Co-defendants") in the amount of $75,000.

On December 10, 2007, the state court issued the writ of execution of judgment, allowing the foreclosure and sale of a residential property acquired by Plaintiff during her marriage to her deceased husband (the "Property"). (Dkt. No. 55, Exhibit 1). This Property was included in Plaintiff's schedules, and an exemption was claimed pursuant to Section 522(b)(2) of the Bankruptcy Code (Schedules A & C, Dkt. No. 1, Case No. 07-07165). The Property, however, belongs to Plaintiff and to the estate or heirs of her late husband (the "Estate"), as it was community property of the legal conjugal partnership.

On or around January 8, 2008, Plaintiff filed a motion in the state court proceedings to inform of the bankruptcy case. As a result, the state court issued an order, dated January 29, 2008, staying all proceedings before that court. (Dkt. No. 55, Exhibit 2).

On or around May 11, 2009, Co-defendants, by way of their attorney Ralphie Pérez Agosto (collectively referred to as "Defendants"), filed a motion for the execution of the Judgment. (Dkt. No. 55, Exhibit 3). In this renewed request for execution of judgment Defendants acknowledge that Plaintiff had initiated a bankruptcy case and that the state court had dictated the stay of the proceedings. (Dkt. No. 55, Exhibit 3, ¶4-5). Yet, Defendants sought the sale of the Property to collect on the Estate's participation in the same. (Dkt. No. 55, Exhibit 3, ¶6). The state court denied Defendants' request for execution by referring the parties to the stay order of January 29, 2008. (Dkt. No. 55, Exhibit 4).

On June 1, 2009, Defendants filed a second motion for the execution of the Judgment reasserting their previous arguments. (Dkt. No. 55, Exhibit 5). Defendants also asserted that because none of the members of the Estate were in bankruptcy, Plaintiff's bankruptcy proceedings

couldn't stay the collection of the Judgment against the Estate.  (Dkt. No. 55, Exhibit 5, ¶9).  On June 10, 2009, the state court resolved that the stay provisions of Section 362(a) of the Bankruptcy Code involve all actions from creditors against any property of the bankruptcy estate and that pursuant to Section 541 this includes property owned by a debtor in community or property in which a debtor has an interest.  (Dkt. No. 55, Exhibit 6).  Defendants' second request for execution of judgment was denied accordingly.  Id.

Plaintiff filed the present adversary proceeding claiming costs and damages as a result of Defendants' attempts at the execution of the Judgment to collect against the Property in violation of the automatic stay afforded by 11 U.S.C. §362.

There is no dispute that the automatic stay has been in effect since the filing of the petition on December 5, 2007, or that Plaintiff is protected by the same.  It is also undisputed that Defendants attempted to enforce and execute the Judgment by collecting from the Property owned in community by Plaintiff and the Estate.  The controversy before us is whether the Property falls within the bankruptcy estate and, consequently, if Defendants' efforts to collect the Judgment on property owned by Debtor, albeit in part, constitutes a willful violation of the automatic stay.

After considering Plaintiff's motion on the merits, this Court finds that Plaintiff met its burden to demonstrate that no material facts are in dispute.  Therefore summary judgment is appropriate as a matter of law.

**III. ANALYSIS AND DISCUSSION**

**A.  Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.  The Court must view the evidence in a light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004).  Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

Even if a party fails to address a motion for summary judgment, it does not mean that summary judgment should automatically follow.  Vélez v. Awning Windows, Inc., 375 F.3d 35, 42 (1st Cir.2004).  "[W]hen faced with an unopposed motion for summary judgment, a court still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted".  Pico Vidal v. Ruiz Alvarado, 377 B.R. 788, 796 (Bankr. D.P.R. 2007) (citing Vélez, supra; Méndez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990).

**B.  The bankruptcy estate**

Section 541 creates and defines the bankruptcy estate, which consist of all of the property that will be subject to the jurisdiction of the bankruptcy court.  11 U.S.C. §541; 28 U.S.C. §1334(e)(1). The scope of the bankruptcy estate includes all legal and equitable interests of the debtor in property

as of the commencement of the case, "wherever located and by whomever held". 11 U.S.C. §541(a). Property belonging to the bankruptcy estate is covered and protected by the automatic stay of Section 362. 11 U.S.C. §362.

Debtor's interest in property includes all kinds of property, including tangible or intangible property, just as a possessory interest would be. United States v. Whiting Pools, Inc., 462 U.S. 198, 205, 103 S.Ct. 2309, 2313–14, 76 L.Ed.2d 515 (1983). To make the most out of the bankruptcy estate, where creditors will obtain payment from, it is necessary and desirable that the property included therein be as inclusive as possible. 5 Collier on Bankruptcy ¶ 541.01 (16th ed.). "It would be hard to imagine language that would be more encompassing." Id.

Under Section 541(a)(2), all interests of the debtor and the debtor's spouse in "community property" also become part of the bankruptcy estate, provided that the property is either: (1) under the sole, equal, or joint management and control of the debtor; or (2) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable. 11 U.S.C. §541(a)(2). Accordingly, if one spouse files for bankruptcy, the interests in the community property of both the debtor and non-debtor spouse become property of the estate, so long as that debtor spouse has the sole, equal or joint management and control of the property. In re Lang, 191 B.R. 268, 271 (Bankr. D.P.R. 1995). This provision aims to pass to the bankruptcy estate community property that would otherwise be available for the satisfaction of claims against the debtor. 5 Collier on Bankruptcy, supra, ¶ 541.11[1].

**C. Community property**

In determining whether a particular asset is community property, or, if so, whether the debtor

has an interest in such property, we must consult state law, as the bankruptcy courts must always do when determining property rights. After all, it's a well-known principle in bankruptcy that state law governs the substance of property rights and interests, as "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law". Butner v. United States, 440 U.S. 48, 54-55, 99 S. Ct. 914, 917-918, 59 L. Ed. 2d 136 (1979). This general rule was reaffirmed in Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co., 549 U.S. 443, 450-51, 127 S. Ct. 1199, 1205, 167 L. Ed. 2d 178, 186 (2007).

Generally speaking, in community property jurisdictions as ours, all property, real or personal, acquired by either spouse during the marriage is community property. 31 L.P.R.A. § 3621. Under Puerto Rico Law, a conjugal partnership is created from the moment that the marriage is celebrated and is a separate and distinct entity from the individual spouses. 31 L.P.R.A. § 3622; Fernandez-Cerra v. Commercial Insurance Co. of Newark, 344 F. Supp. 314, 316 (1972). Property and earnings obtained during marriage are the property of the conjugal partnership and "upon dissolution of marriage, by death or otherwise, the conjugal partnership is liquidated and the husband and wife or their heirs are entitled to one half of all the property earned by both during the marriage." Fernandez-Cerra, supra; 31 L.P.R.A. § 3621.

The community of goods terminates when the marriage is dissolved, 31 L.P.R.A. § 3681, be it by the death of the husband or wife, or other. 31 L.P.R.A. § 301. In turn, a widow retains an undivided interest of half of the property constituting the conjugal partnership. López Valdés v. Superior Court, 96 P.R.R. 761 (1968). Plus, the surviving spouse is entitled to a quota, in usufruct, which covers all properties in the estate in the corresponding portion of its proceeds, and until commutation, substitution, or conversion of surviving spouse's share is accomplished, the entire

estate is encumbered by obligation to pay such share. 31 L.P.R.A. § 2411; <u>Calimano Díaz v. Rovira Calimano</u>, 113 D.P.R. 702 (1983). Absent such a final division, the Property clearly is still community property, in which Plaintiff has an interest. Under such circumstances, Section 541(a)(2)(B) captures the undivided community property for the benefit of the bankruptcy estate for distribution to all creditors holding community claims. 11 U.S.C. § 101(7), (10)(c).

The parties in this case do not dispute that the Property was obtained during Plaintiff's marriage to her late husband, and that it was maintained as community property. It is also clear that the conjugal partnership concluded with the death of a spouse. Rather, Defendants have argued throughout this and the state court case that Plaintiff's interest in the Property is limited to her 50% ownership *vis a vis* the Estate's interest in the remaining half. Therefore, Defendants' insist that only 50% of the Property becomes property of the bankruptcy estate and they are entitled to execute and collect from the Estate's interest in the property1.

Because in Puerto Rico when one spouse files for bankruptcy, the personal property of the filing spouse and community property become property of the estate by operation of § 541(a)(2)(A), the Property at hand is now part of the bankruptcy estate. <u>In re Lang</u>, at 272; <u>González v. Rivera (In re Rivera)</u>, 214 B.R. 50, 51 (D.P.R. 1997); <u>Santiago v. Sepúlveda Figueras (In re Sepúlveda Figueras)</u>, 193 B.R. 118, 121-22 (Bankr. D.P.R. 1996).

In instances such as the one at bar, where the community property had not been divided as of the petition date, the community interests pass along to the debtor's estate, community claims participate in the distribution of the bankruptcy estate and, until paid in full, all of debtor's personal and community property remain in the bankruptcy estate. <u>In re Rivera</u> at 52, citing 5 Collier on

---

1 <u>See</u> Defendants' Supplemental Motion to Dismiss (¶4-6, Dkt. No. 39); Defendants Motion to Dismiss (¶6, 13, *et. seq.*, Dkt. No. 25); Defendants' Portion of Pretrial Conference Memorandum (Dkt. No. 20).

Bankruptcy ¶ 541.13 (15th ed. 1996).

The personal property of the filing spouse and the property of the conjugal partnership are part of the bankrupt estate, and so subject to the automatic stay of 11 U.S.C. § 362. In re López Meléndez, 145 B.R. 740, 742 (D.P.R. 1992). In the present case Plaintiff has a personal undivided interest over half of the Property which was once part of the conjugal partnership. Moreover, Plaintiff also has an interest resulting from her right to usufruct, which covers the Property in the corresponding portion of her quota, until satisfied, commutated, substituted, or converted. Thus, we must conclude that the Property constitutes part of the bankruptcy estate, and as such, is subject to the automatic stay provisions of 11 U.S.C. § 362.

**D. Willful Violation of the Automatic Stay**

With respect to the automatic stay, 11 U.S.C. § 362 provides in relevant part:

(a) . . . a petition filed under 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of-
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 . . .
 (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
 . . .
 (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
 . . .
11 U.S.C. § 362 (2010).

Pursuant to § 362(a), once a debtor files a bankruptcy petition, the automatic stay takes effect and creditors are prohibited from all actions against the debtor's assets. Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1146 (5th Cir. 1987). See also 3 Collier on Bankruptcy § 362-03 (15th ed.

2010).  Indeed, the scope of the automatic stay is broad to the extent that "even where there [sic] no actual notice of the existence of the stay" an action against the Debtor's assets is still void.  Id.  The underlying policy beneath the strict guidelines of the automatic stay is to provide debtors with sufficient "breathing space" in order to promote a key bankruptcy goal – equal distribution of the estate.  Id.  To recover damages, however, the violation of the automatic stay has to be "willful."  11 U.S.C. § 362(k)(1).  See also In re McMullen, 386 F.3d 320, 330 (1st Cir. 2004).  It follows that a violation is "willful" when: (1) the creditor has knowledge of the pending bankruptcy proceeding; and (2) the creditor's conduct is intentional.  Id. (citing Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 268-69 (1st Cir. 1999)).  That said, in cases where a creditor has received actual notice of the automatic stay, a finder of fact must presume the violation was intentional.  Homer Nat'l Bank v. Namie, 96 B.R. 652, 654 (Bankr. W.D. La. 1989).  Conversely, if a creditor is found to lack knowledge of the bankruptcy case, the violation of the stay is only "technical" and does not result in the awarding of damages.  In re McMullen, 386 F.3d at 330 (citing In re Will, 303 B.R. 357, 364 (Bankr. N.D. Ill. 2003)).

In the case at bar, it is clear that Defendants violated the automatic stay pursuant to 11 U.S.C. § 362(a)(1), (a)(2) and (a)(6), which prohibits post-petition collection efforts for claims that arose prior to the commencement of the case, including the enforcement or collection of a judgment against property of the estate.  Indeed, Plaintiff filed a bankruptcy petition on December 5, 2007, which placed an automatic stay over the estate and debtor, which pre-dated the filing of two separate motions, in the state court proceedings, for execution of a judgment against the Property, which is part of the bankruptcy estate.  Furthermore, the Court finds Defendants' violation of the automatic stay to be "willful" because Defendant was provided with timely notice of Debtor's bankruptcy filing

(Dkt. No. 1, Case No. 07-07165).  In fact, Defendants have not raised any issues as to the appropriateness of the notice.  Pursuant to the First Circuit's holding in In re McMullen, notice of the bankruptcy filing confirms Defendants knowledge of the automatic stay.  Serving as further indicia of Defendants' knowledge to the automatic stay is the fact that they insisted upon the execution of the state court's judgment acknowledging in their own requests the commencement of the bankruptcy case and the state court's order staying all state court proceedings2.  Because Defendants' had knowledge of the automatic stay, its ensuing violation is deemed intentional.  As such, this Court finds Defendants to have committed a willful violation of the automatic stay.

WHEREFORE, IT IS ORDERED that in light of the foregoing legal conclusions, Plaintiffs' Motion for Summary Judgment shall be, and hereby is, GRANTED in part, as to the issue of liability.  The Clerk's Office will schedule a pretrial conference forthwith to schedule the trial on the awarding of damages and attorney's fees.  Judgment will be entered accordingly.

**SO ORDERED.**

**San Juan, Puerto Rico, this 10 day of November, 2011.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**

---

2 See Defendants' Supplemental Motion to Dismiss (Dkt. No. 39); Defendants Motion to Dismiss (Dkt. No. 25); and Defendants' Portion of Pretrial Conference Memorandum (Dkt. No. 20).