IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| LUZ CELESIA ORTIZ ORTIZ | CASE NO. 07-07165 BKT |
| | CHAPTER 13 |
| Debtor(s) | ADVERSARY NO. 09-00115 |
| LUZ CELESIA ORTIZ ORTIZ | |
| Plaintiff | |
| MARIA ISABEL RAMOS PEREZ; JOSE AGOSTO ROSARIO; RALPHIE R PEREZ AGOSTO; ALEJANDRO OLIVERA, as Chapter 13 Trustee | FILED & ENTERED ON 09/20/2012 |
| Defendant(s) | |

**OPINION AND ORDER**

This proceeding is before the Court to determine the amount of damages that should be awarded to Plaintiff for the Defendants' violation of the Bankruptcy Code's automatic stay provision, 11 U.S.C § 362. This proceeding pertains to a complaint filed by Luz Celesia Ortiz Ortiz ("Plaintiff" or "Debtor") against María Isabel Ramos Perez, José Agosto Rosario, and Ralphie Pérez Agosto ("Defendants").

**I. FACTS**

On April 27, 2000, the Debtor's husband was in a car accident that caused his death and the death of others. Due to this accident, a complaint was filed against the Debtor and the Debtor's children in the Superior Court of the Commonwealth of Puerto Rico, in the Judicial District of Humacao, Civil Case No. HDP 2000-0138. The Superior Court of Humacao entered a judgment on

1

June 27, 2003 against the heirs of the Debtor's husband and against the legal conjugal partnership between the Debtor and her deceased husband. The judgment awarded $75,000 in damages for the death of an individual. On December 10, 2007, the Superior Court of Humacao issued a Writ of Execution to foreclose on a property owned by the legal conjugal partnership between the Debtor and her late husband.

On December 5, 2007, five days prior to the issuance of the Writ of Execution, the Debtor filed a Chapter 13 bankruptcy petition. The Superior Court of Humacao stayed all the proceedings in case HDP 2000-0138 on January 29, 2008. On May 11, 2009, the Attorney Ralphie Pérez Agosto filed a motion on behalf of the co-defendants in case HDP 2000-0138 attempting to execute the judgment of the Superior Court of Humacao against property of the bankruptcy estate. On May 19, 2009, that motion was denied by the Superior Court of Humacao. On June 1, 2009, the Defendants filed a second motion requesting reconsideration to execute the judgment against property of the bankruptcy estate. On June 10, 2009, the second motion was denied by the Superior Court of Humacao. Both of these motions and both of the denials by the Superior Court of Humacao were notified to the Debtor.

On June 10, 2009, the Debtor filed a complaint against the Defendants for violation of the automatic stay protection. On November 11, 2011 [Dkt. No. 56], this Court entered an opinion and order granting partial summary judgment in favor of the Debtor as to the issue of liability for violation of the automatic stay. On January 19, 2012 [Dkt. No. 64], the corresponding partial judgment was entered in favor of the Debtor as to the liability issue of liability. On May 24, 2012 [Dkt. No. 85], a trial to determine damages was held.

At the trial, three witnesses testified. The Debtor testified that she suffered mental anguish when she received the notifications regarding the execution of the judgment to foreclose on her home. She stated that she had received several notifications during May and June of 2009. She further testified that the emotional suffering caused by these notifications forced her to visit a psychologist on October 27, 2010 and November 17, 2010. The Debtor's daughter, Limary Rodríguez Ortiz, also testified as to the emotional suffering inflicted on her mother by the Defendants' actions. The Defendant, Attorney Ralphie Pérez Agosto, testified that he had consulted a bankruptcy attorney prior to his attempts to execute the judgment. He further testified that he only filed a second motion to execute the judgment because there was a factual error in the Superior Court's denial of his first motion to execute the judgment. Furthermore, the Defendant testified that his client neither instructed him to file either motion, nor knew of their filing.

On June 6, 2012, the Debtor filed a Memorandum of Law to Support Award of Damages for Willful Violation of Stay [Dkt. No. 88]. Thereafter, codefendants María Isabel Ramos Pérez and Ralphie Pérez Agosto filed an opposition to the request for attorney fees and costs alleging that Debtor's request is not based on an award of attorney fees and costs as a prevailing part, but as part of her damages claims [Dkt. No. 89].

## II. STANDARD OF REVIEW

"The Bankruptcy Code provides a remedy for individual debtors who are injured by violations of the automatic stay". In re Vázquez Laboy, 416 BR 325, 332 (1st Cir.BAP 2009) (reversed on other grounds). Section 362(k)(1) dictates that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and

3

attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The words "shall recover" have been interpreted within the First Circuit to indicate that "Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." In re Heghmann, 316 B.R. 395, 405 n. 9 (1st Cir.BAP 2004) (citing Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 589 (9th Cir. BAP 1995)). Damages, however, are not imposed as a matter of course. Vázquez Laboy, supra. "[A]ctual damages should be awarded only if there is concrete evidence supporting the award of a definite amount." Heghmann, 316 B.R. at 405.

Emotional distress is an actual injury for which a debtor may recover damages. Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir.1999). Therefore, a debtor is entitled to recover actual damages and, in appropriate circumstances, punitive damages when the debtor proves that he has been injured by a creditor's willful acts to enforce any lien against the debtor after the filing of a bankruptcy petition, unless the creditor received authorization from the bankruptcy court. In re Vázquez Laboy, supra. However, once a party has proven damages, he/she needs to show the amount of damages with reasonable certainty, as a damages award cannot be based on mere speculation, guess or conjecture. Heghmann, supra.

"Appropriate circumstances in which to award punitive damages is a discretionary matter that has been entrusted to the bankruptcy courts." In re Curtis, 322 B.R. 470, 486 (Bankr. D. Mass. 2005) (citing Clayton v. King (In re Clayton), 235 B.R. 801, 811 (Bankr. M.D.N.C. 1998)). The amount that should be awarded in punitive damages is a fact-specific determination that lies within the bankruptcy court's discretion. In re Rosa, 313 B.R. 1 (Bankr. D. Mass. 2004). The amount awarded

4

in punitive damages should be "sufficient to serve the purpose of deterrence." In re Panek, 402 B.R. 71 (Bankr. D. Mass.2009) (citing In re Curtis, 322 B.R. 740). Other factors that should be taken into consideration by the court when determining the amount to be awarded for punitive damages include: "the nature of the creditor's conduct, the nature and extent of harm to the debtor, the creditor's ability to pay damages, the level of sophistication of the creditor, the creditor's motives, and any provocation by the debtor." Varela v. Ocasio (In re Ocasio), 272 B.R. 815, 825 (1st Cir. BAP 2002) (quoting In re Shade, 261 B.R. at 216 (citations omitted)).

### III. DISCUSSION

Upon the testimony proffered at trial by Defendant Ralphie Pérez Agosto, it can be ascertained that this Defendant had received notice of the filing of the bankruptcy case prior to attempting to execute the state court judgment. Even the Superior Court of Humacao had stayed all of the proceedings in Civil Case No. HDP 2000-0138 because of the filing of the bankruptcy case. Nevertheless, Defendant Ralphie Pérez Agosto, testified that on two occasions he had attempted to execute the judgment to foreclose on property of the estate. This Court finds that the Debtor is entitled to damages as a result of these violations. Therefore, to the extent that they exist and can be proven, the Debtor is entitled to actual damages, including costs and emotional damages. In addition, this Court will make a determination as to the award of punitive damages for the purpose of deterrence.

However, this Court finds, in accordance with the order of May 24, 2012 [Dkt. No. 86], that Debtor is not entitled to attorney fees as actual damages. As per Debtor's own testimony at trial, she had not incurred in any such fees. Moreover, the Court allowed Debtor a period of time to request

taxable fees and costs as the prevailing party and submit a memorandum of law in support thereof. Debtor proceeded to file a memorandum of law to support her request of attorney fees as an award for damages. However, no argument was raised as to the taxation of attorney fees and costs to the prevailing party. As such, Debtor failed to provide a sufficient basis for the taxation attorney fees and costs to the prevailing party. Consequently, Debtor's request for attorney fees is denied.

**Actual Damages:**

The Debtor is entitled to costs and emotional damages. According to the Revised Memorandum of Debtor's Expenses [Dkt. No. 88, Exhibit #1], the Debtor incurred costs totaling $974.98. This Court finds those costs to be reasonable. Therefore, this Court awards Debtor $974.98 in costs.

In regards to emotional damages, the Court understands that a person may suffer mental anguish if they received four notifications, during approximately four weeks, concerning their eviction from their home. The existence of damage is certain, but the amount of damage is not precise. The Debtor argued that the notifications forced her to seek medical attention from a psychologist. However, the testimony at trial showed that the notifications were received between May and June 2009, and the Debtor visited a psychologist more than a year later, on October 27, 2010 and November 17, 2010. It would seem that the mental anguish allegedly caused by these notifications was not sufficiently severe to require Plaintiff to seek immediate medical attention. Therefore, this Court awards $100.00 for each of the four notifications received by the Debtor, for a total award of $400.00 for emotional damages.

**Punitive Damages:**

6

Based upon the oral testimony, this case appears to warrant the award of punitive damages because the Defendant violated the automatic stay willfully twice between May and June of 2009.

In her Memorandum of Law to Support Award of Damages for Violation of Stay, the Debtor attests that she should receive $225,000 in punitive damages, treble the amount of damages that was awarded to the Defendants for the death of their loved one. This Court does not follow her logic or mathematical calculations.

It is the opinion of this Court that the award of $250.00 in punitive damages for each of the two attempts by the Defendants to execute the judgment against property of the estate, for a total award of $500.00 would be punitive enough. This amount is "sufficient to serve the purpose of deterrence." In re Panek, Id.

For the reasons stated above, this Court awards a total of $1,874.98 for damages in this case. This Court awards $974.98 for costs, $400.00 for emotional suffering, and $500.00 for punitive damages.

WHEREFORE, IT IS ORDERED that Defendant, Attorney Ralphie Pérez Agosto, is required to satisfy the amount $1,874.98 for actual and punitive damages within thirty (30) days.

SO ORDERED.

San Juan, Puerto Rico, this 20 day of September, 2012.

Brian K. Tester
U.S. Bankruptcy Judge

7